IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AEROCRINE AB and AEROCRINE INC., | : |
| Plaintiffs, | : |
| v. | : Civ. No. 08-787-LPS |
| APIERON INC., | : |
| Defendant. | : |

## ORDER REGARDING REQUEST FOR STAY

At Wilmington, this 30th day of March, 2010,

**IT IS HEREBY ORDERED THAT** Defendant Apieron Inc.'s ("Apieron") request for entry of a 60-day stay in this action is **DENIED**, in accordance with the following:

1. On March 25, 2010 the parties informed the Court via telephone of their disagreement over how to proceed in the case, given a recent, drastic downturn in Apieron's financial outlook. That same day, the Court entered an Oral Order directing the parties to submit letters in advance of a teleconference, set for March 29, 2010. The parties submitted their respective letters on March 26, 2010 (D.I. 210; D.I. 211), and a teleconference was held on March 29, 2010. Plaintiffs, Aerocrine AB and Aerocrine Inc. ("Aerocrine") filed another letter today. (D.I. 212)

2. The decision to enter a stay due to financial hardship is left to the Court's discretion. Having reviewed the parties' letter submissions and considered their arguments

1

advanced at the March 29, 2010 teleconference, the Court concludes that Apieron has not demonstrated "a clear case of hardship or inequity in being required to go forward." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936).

3. Here, there are hardships on both sides of the scale: to Apieron, accepting its representation that the absence of a stay will prevent a desired asset sale and require, instead, a less desirable, more expensive, and potentially lengthier bankruptcy; and to Aerocrine, which insists a stay would harm it by permitting Apieron to continue infringing Aerocrine's patents, allow Apieron to continue to assert infringement against Aerocrine in a related European action instituted by Apieron, and delay in resolution of the instant litigation – which has already been pending for several years. Ultimately, Aerocrine prefers to proceed with this litigation at the risk that doing so will force Apieron to file for bankruptcy protection, rather than have the instant action stayed in hopes that the proposed asset sale will be consummated and permit Apieron to proceed with the litigation. In these circumstances, the Court has concluded that the proper exercise of its discretion is to deny Apieron's requested stay.

Delaware counsel are reminded of their obligations to inform out-of-state counsel of this Order. To avoid imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.

Dated: March 30, 2010

_____
Leonard P. Stark
UNITED STATES MAGISTRATE JUDGE